**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**AURORA HEALTH CARE, INC., Defendant.**

Case No. 12–C–984.

United States District Court, E.D. Wisconsin.

Nov. 5, 2013.

885

Jessica A. Palmer Denig, United States Equal Employment Opportunity Commission, Minneapolis, MN, Camille A. Monahan, United States Equal Employment Opportunity Commission, Milwaukee, WI, John C. Hendrickson, Jean P. Kamp, United States Equal Employment Opportunity Commission, Chicago, IL, for Plaintiff.

Judith A Williams–Killackey, Mary Pat Jacoby, Quarles & Brady LLP, Milwaukee, WI, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO BAR EXPERT TESTIMONY

WILLIAM E. CALLAHAN, JR., United States Magistrate Judge.

On September 26, 2012, the plaintiff, Equal Employment Opportunity Commis-

sion ("EEOC"), filed a complaint under the Americans with Disabilities Act against Aurora Health Care, Inc. ("Aurora"), seeking to correct allegedly unlawful employment practices on the basis of disability and to provide appropriate relief to Kelly Beckwith ("Beckwith") and Charlene Helms. Beckwith allegedly suffers from multiple sclerosis ("MS"). The parties thereafter consented to magistrate judge jurisdiction.

On August 16, 2013, the EEOC disclosed Dr. Bhupendra Khatri ("Dr. Khatri"), one of Beckwith's treating physicians, as a non-retained expert witness. (ECF No. 18–1.) On September 20, 2013, the EEOC supplemented its disclosure. (ECF No. 18–6.) Aurora viewed the supplement as deficient, but the EEOC disagreed. Accordingly, on October 7, 2013, Aurora filed an expedited motion, pursuant to Civil L.R. 7(h), to bar Dr. Khatri's expert testimony. The motion is now fully briefed and ready for resolution.

Civil L.R. 26(b)(1)(B) reads as follows:

A person, including a treating physician, who has not been retained or specially employed to provide expert testimony, or whose duties as the party's employee do not regularly involve giving expert testimony, may be used to present evidence under Fed.R.Evid. 702, 703 or 704 only if the party offering the evidence discloses to every other party the information identified in Fed.R.Civ.P. 26(a)(2)(B)(i), although a report written and signed by the witness is not required.

In turn, Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires a report containing "a complete statement of all opinions the witness will express and the basis and reasons for them."

The EEOC's September 20, 2013, supplemental disclosure states, among other things, that Dr. Khatri will opine that "MS has impaired Ms. Beckwith's neurological system," and that "Beckwith did not need accommodations to perform the registered nurse coordinator position at Aurora." (ECF No. 18–6 at 3.) The disclosure further explains that Dr. Khatri's opinions "are based on his experience treating Kelly Beckwith, his personal knowledge of her neurological condition, his expertise in neurology, and his review of her medical records," as well as "information provided to him about the [Aurora] position." (ECF No. 18–6 at 3.).

Nevertheless, Aurora argues that it "is entitled to know the *specific* medical records supporting Dr. Khatri's opinion." (Motion at 3.) Not so. As previously explained, Civil L.R. 26(b)(1)(B) only incorporates Rule 26(a)(2)(B)(i), not Rule 26(a)(2)(B)(ii); and only the latter requires disclosure of "the facts or data considered by the witness in forming [his opinions]." Moreover, as the EEOC points out, the cases cited by Aurora involve *retained* experts and therefore do not persuade the court that exclusion is proper here. *See, e.g., Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 742 (7th Cir.1998) (affirming district court's decision to exclude retained expert's testimony for noncompliant Rule 26 report); *see also Schmude v. Tricam Indus., Inc.,* 550 F.Supp.2d 846, 854 (E.D.Wis.2008) (refusing to exclude retained expert's testimony for failure to include specific information in Rule 26 report), *aff'd,* 556 F.3d 624 (7th Cir.2009).

**NOW THEREFORE IT IS ORDERED** that the defendant's Civil L.R. 7(h) motion to bar expert testimony be and hereby is **DENIED.**